## GRAY v. LOUISIANA INDUSTRIAL LIFE INS. CO., Inc.

### No. 17250.

Court of Appeal of Louisiana. Orleans.

Jan. 22, 1940.

Charles Mundy, of New Orleans, for appellant.

E. B. Charbonnet, Jr., of New Orleans, for appellee.

McCALEB, Judge.

Annie Gray, the beneficiary of a policy of industrial insurance issued by the defendant, Louisiana Industrial Life Insurance Company, upon the life of her son, brought this suit to recover from it the proceeds of insurance which she asserts to be the sum of $162. She alleges the issuance of the policy by the defendant on January 17, 1938; that the insured died on April 4, 1939, while said policy was in force and effect and that, notwithstanding amicable demand, payment has been refused by the defendant.

The defendant admits the issuance of the policy, the insured's death and that all premiums have been fully paid. It denies liability on two grounds: (1) that the policy is null and void because the in-

sured made false answers to questions propounded to him in his written application for the insurance and (2) that, alternatively, its liability under the policy is limited in any event to one-half of the full death benefit or $81 because the insured died of tuberculosis within eighteen months from the date the insurance was taken out.

At the trial of the case in the lower court, the defendant apparently abandoned the first ground of defense raised in its answer and rested its case solely upon the second defense, i. e., that recovery should be restricted to one-half of the full death benefit. After hearing evidence on this issue, the trial judge sustained the defendant's contention and granted judgment in favor of plaintiff in the sum of $81. The plaintiff has appealed from the decision below, claiming that the court was in error in not permitting recovery for the full death benefit of the policy.

The evidence shows that the policy was issued on January 17, 1938, and that the insured died on April 4, 1939. The proof of death submitted by the plaintiff to the defendant reveals that pulmonary tuberculosis was the cause of death.

■ The condition of the policy, upon which the defendant relies to defeat recovery of the full death benefit, reads as follows: "The Company shall pay no more than one-eighth ($\frac{1}{8}$) of the death benefit named herein should death occur in the first six months of this Policy's existence, one-quarter ($\frac{1}{4}$) of same should death occur in the second six months thereof, and one-half ($\frac{1}{2}$) of the same should death occur in the third six months thereof, should such death result from or be contributed to by Heart Disease, Tuberculosis, Chronic Bronchitis, Cancer, Bright's Disease, Pneumonia, Liver Trouble, Pellagra, Cerebral Hemorrhage, Paralysis, High Blood Pressure, Influenza, or any chronic diseases contracted before the date of issuance of this policy. No death benefit will be paid for death resulting from venereal diseases and syphilis."

The plaintiff does not question the fact that the insured died of pulmonary tuberculosis more than twelve months but less than eighteen months after the issuance of the policy. She maintains, however, that the above quoted stipulation, limiting the amount payable as a death benefit, should be interpreted to mean that the specific disease which caused the death must be shown to have been contracted before the date of the issuance of the policy in order for it to be effective. From this premise, it is argued that, forasmuch as the defendant has failed to prove that the tuberculosis from which the insured died was contracted before the issuance of the policy, liability for the full death benefit of $162 should be imposed.

We do not agree with plaintiff's contention. We think that the language contained in the condition is free from ambiguity. It is clearly set forth that the liability of the company shall be limited to a specific portion of the full benefit "should such death result from or be contributed to by * * * tuberculosis, * *. Death resulting from tuberculosis (or any of the diseases which are specifically named) within a certain time after the issuance of the policy need not be shown to have been contracted before the policy was issued. The words "contracted before the date of issuance of this Policy" relate solely to the words "or any chronic diseases" and not to the diseases specifically named which precede and are separate and apart from the clause "or any chronic diseases contracted before the date of issuance of this Policy".

■ The plaintiff further asserts that the trial judge was wrong in limiting her recovery because of another clause contained in the policy which reads as follows: "Should the Insured die within six months from the date of issuance of this Policy, only one-quarter ($\frac{1}{4}$) of the above named death benefit shall be payable; should he die after six months, but within one year, from said date, only one-half ($\frac{1}{2}$) of said death benefit shall be payable. After one year the Policy is in full benefit except as otherwise stated herein."

Plaintiff contends that the foregoing condition is repugnant to and in conflict with the condition relied upon by the defendant and that, since this provision states that the policy is in full benefit after one year from the date of its issuance, it should be held that it prevails over the other condition.

We are unable to discern any conflict between the two provisions of the policy. The condition relied upon by the defendant provides that the company shall pay

no more than one-half of the full death benefit should death occur more than one year but less than 18 months from the date the policy is taken out if death results from heart disease, tuberculosis, etc. The other stipulation, depended upon by plaintiff, merely sets forth the amount of the death benefit in case death should result from any cause within a fixed time from the date of the issuance of the policy. The last sentence of the provision reads: "After one year the Policy is in full benefit *except as otherwise stated herein*" (Italics ours). The words "except as otherwise stated herein" were obviously made part of the provision for the purpose of avoiding a conflict between the various conditions contained in the contract and they clearly exhibit that, because of the other provisions of the policy, the full death benefit does not necessarily become payable even though the policy has been in force for more than a year.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.