MOORE et al. v. SOUTHERN LIFE &
HEALTH INS. CO.

No. 17326.

Court of Appeal of Louisiana.  Orleans.

May 6, 1940.

Cabral & Graham and Harry Herman,
all of New Orleans, for appellants.

Solomon S. Goldman, of New Orleans,
for appellee.

McCALEB, Judge.

Jamie Moore and Johnnie Galathe, the
beneficiaries of a policy of industrial insur-
ance issued by the defendant, Southern
Life and Health Insurance Company, upon
the life of Louvella Harris, brought this
suit to recover from it the avails of insur-
ance which they assert to be the sum of
$250.  They allege that the policy was issued
by the defendant on June 6, 1938; that the
insured died on January 22, 1939, while the
policy was in full force and effect and that,
notwithstanding amicable demand, payment
of the proceeds has been refused by the de-
fendant.

The defendant admits the issuance of the
policy and that the insured died while it
was in force and effect.  Its sole defense in
the case is that, in view of the fact that the
insured died within one year of the date of
the issuance of the policy from hyperten-
sive heart disease, its liability to the plain-
tiffs is limited, by virtue of the terms and
conditions of the contract, to one-quarter
of the full death benefit or the sum of $62.-
50.

After a trial in the lower court on the
foregoing issue, the contention of the de-
fendant was sustained and judgment was
rendered in favor of the plaintiffs for one-
fourth of the maximum death benefit set
forth in the policy.  Plaintiffs have ap-
pealed from the adverse decision.

The condition of the policy relied upon
by the defendant, under which it seeks to
have its liability limited, reads as follows:
"9. Unless otherwise stated in a waiver
signed by the President or Secretary, this
Policy is void if the Insured before its date
had been rejected for insurance by this or
any other company, order or association, or
has ever had before said date, paralysis or
cerebral hemorrhage, or tumor or cancer,
or disease of the heart, liver or kidneys, or
pellagra, or tuberculosis, or pulmonary dis-
ease, or chronic bronchitis and *if the in-
sured should die within the first twelve
months from the date of this Policy, either
directly or indirectly from any of the above
named diseases, or from homicide, the lia-*

*bility of the company will be limited to one-quarter of the sum specified as a death benefit in the schedule on the reverse side hereof."* (Italics ours)

The evidence in the case shows that the insured died on January 22, 1939, which was about nine months after the policy was issued, from hypertensive heart disease. The defendant therefore contends that, in view of the above quoted condition, it is liable to plaintiffs for only one-fourth of the full death benefit of the policy.

On the other hand, counsel for the plaintiffs maintain that the condition relied upon by the defendant may not be enforced because, if it is properly interpreted, it becomes effective only in case the specific disease from which the insured dies was contracted prior to the issuance of the policy. They argue that the insertion of this condition in the policy is merely an attempt on the part of the insurance company to circumvent the provisions of Act No. 97 of 1908, which declares that, where a policy of insurance is issued without a medical examination, it will be presumed that the insurer had full knowledge of the health, habits, etc., of the assured, and that to permit the insurance company to point to an illness contracted prior to the time the policy was issued as a ground for limiting its liability would be contrary to the public policy of the State. In support of this contention, great reliance is placed upon our decision in the case of Geddes & Moss Undertaking & Embalming Co. v. First National Life Insurance Co., La.App., 177 So. 818.

An examination of the condition of the policy demonstrates that counsel's interpretation of the language used therein is clearly erroneous. Properly analyzed, the condition may be divided into three separate connecting clauses, all of which have a clear and distinct meaning. In the first clause, it is provided that the policy is void in case the insured had ever been rejected for insurance by the defendant or any other company. In the second clause, it is set forth that, if the insured had suffered from heart disease or certain other specified illnesses prior to the date of issuance of the policy, the policy is void. The third clause, which is the one depended upon by the defendant, provides that, if the insured should die within twelve months from the date of the issuance of the policy from heart disease or other diseases which are specified in the second clause, the company shall be liable for only one-fourth of the full death benefit.

The insurance company does not contend that the insured contracted the heart disease from which she died prior to the issuance of the policy. It merely asserts that, since she died from heart disease within twelve months from the date of the policy, its liability is limited by virtue of the third clause of the condition. It makes no difference, under that clause, whether the disease was contracted before or after the issuance of the policy. The date of the insured's death and the type of disease causing death are the only factors to be considered in determining whether the limitation is applicable.

In the Geddes & Moss case, the condition of the policy was vastly different from the one now under review. There, the clause provided that, if the insured died from any one of a number of specified diseases which had been contracted by her before the policy was in force, the liability of the company would be limited to the payment of a part of the full death benefit. It appeared that the insured died of one of the excepted diseases which had been contracted by her long before the date of the policy. We held that, since the limitation of liability was dependent not upon the date of the insured's death but upon the fact that she died of a disease contracted prior to the issuance of the policy, the condition was unenforcible because to hold otherwise would be to permit the insurer to avoid by its contract the force and effect of the provisions of Act No. 97 of 1908.

Here, the stipulation of the policy is dependent solely upon the death of the insured within a certain time after the issuance of the policy as the result of certain diseases. It is the settled jurisprudence that a policy condition, such as this, which limits the defendant's liability in the event death occurs within a fixed period from the date of the contract, is reasonable and will be enforced. The most recent case on this subject, where a condition quite similar to the one in the instant case was approved, is Gray v. Louisiana Industrial Life Insurance Company, La.App., 193 So. 278.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.