## LEWIS v. FIRST NAT. LIFE INS. CO.
### No. 17476.

Court of Appeal of Louisiana. Orleans.
Dec. 16, 1940.

Harold M. Rouchell, of New Orleans, for appellant.

Beryl E. Wolfson, of New Orleans, for appellee.

McCALEB, Judge.

Carrie Lewis, the beneficiary of two certain policies of industrial insurance issued by the defendant, First National Life Insurance Company, upon the life of Shelby James, brought this suit to recover from it the insurance proceeds which she asserts to be the sum of $242. She alleged that, on May 22, 1939, the defendant issued to Shelby James its policy of life insurance No. 1098223 for the sum of $134; that, on July 24, 1939, it issued to James another policy No. 1115023 for the sum of $108; that she is the named beneficiary in both policies; that the insured died on March 5, 1940, while the policies were in force and effect; that she requested of the insurance company payment of the full death benefit stated in the policies and that her demand was rejected by the defendant.

The defendant in its answer admitted liability to plaintiff on the policies but it maintained that, in view of certain conditions contained in the contracts, its responsibility is restricted to one-half of the full death benefits because the insured died of heart disease. It accordingly deposited the sum of $121 in the registry of the court, prayed that the plaintiff be commanded to accept that amount in full satisfaction of her claims and that it be hence dismissed with costs.

The matter was thereafter submitted to the judge upon an agreed statement of facts. In this stipulation, the plaintiff abandoned her claim for the full death benefit of $108 under policy No. 1115023 and agreed that judgment be entered in her favor for only one-half of that sum, or $54. It was further agreed that, as to policy No. 1098223 for $134, the evidence would show that the assured's death was attributable solely to heart disease and that the defendant would have been unable to prove that this disease had been contracted by the assured after the issuance of the policy.

After hearing argument on the defense interposed by the insurance company, the trial judge found for the plaintiff and granted judgment in her favor for the face value of policy No. 1098223 and for one-half of the full death benefit of policy No. 1115023 (in accordance with the agreement of the parties). The defendant has appealed from the adverse decision.

It will be seen from the foregoing that the only question presented by this appeal is whether the defendant is liable for the full death benefit under its policy No. 1098223.

The condition of the policy relied upon by the defendant reads as follows: "This Policy is void if the Insured before its date has been attended by a physician for any serious disease or complaint, or has been rejected for insurance by this or any other company, order or association, and has not acknowledged same in the application herefor, *or if the insured shall die from Heart Disease,* Tuberculosis, Chronic Bronchitis, Cancer, Bright's Disease, Liver Trouble, Pellagra, Cerebral Hemorrhage, Paralysis, High Blood Pressure, or any chronic diseases contracted before this Policy has been in force for twelve (12)

months, only one-half the sum otherwise provided for in this Policy will be payable, * * * ". (Italics ours)

The defendant contends that, since the assured died from heart disease, the foregoing stipulation controls; that the language used in the policy is explicit and clearly provides that recovery is limited to one-half of the amount otherwise payable in the event the assured dies of any of the diseases specifically named. In support of the argument, the case of Gray v. Louisiana Industrial Life Insurance Co., La.App., 193 So. 278, is cited.

On the other hand, counsel for plaintiff asserts that the policy condition is vague and ambiguous; that, in order to discover the intention of the contracting parties, the clause "or if the insured shall die from Heart Disease", must be read in connection with and as part of the clause "or any chronic diseases contracted before this policy has been in force for twelve (12) months" and that, viewed in this light, it is necessary, in order for the restriction to become applicable, that there be proof to show that the heart disease from which the insured died was contracted within twelve months after the policy was in force. From this premise, it is argued that, since the defendant has been unable to adduce proof to show that the heart disease, which caused the assured's death, was contracted after the issuance of the policy, the limitation cannot be invoked. Our decision in Geddes & Moss Undertaking & Embalming Co. v. First National Life Insurance Co., 177 So. 818, is depended upon by counsel as complete authority for the contention.

■ We are unable to see that this case may be successfully distinguished from our decision in Gray v. Louisiana Industrial Life Insurance Company, supra. In that matter, the assured died from pulmonary tuberculosis and no proof was submitted by the defendant to show when he contracted the disease. The policy provided that only one-half of the death benefit would be due if the insured died within eighteen months of the date of the policy from "Heart Disease, Tuberculosis, * * * Influenza, or any chronic diseases contracted before the date of issuance of this policy." [193 So. 279.] It was contended by the plaintiff that the word "Tuberculosis" should be read in connection with the clause "or any chronic diseases contracted before the date of issuance of this policy" and that, since the defendant had failed to prove that the pulmonary tuberculosis, from which the insured died, had been contracted prior to the issuance of the policy, the limitation of liability could not be invoked. In rejecting this contention, we said: "The words 'contracted before the date of issuance of this Policy' relate solely to the words 'or any chronic diseases' and not to the diseases specifically named which precede and are separate and apart from the clause 'or any chronic diseases contracted before the date of issuance of this Policy.' "

The policy provision in the instant matter is almost identical in its language with that appearing in the Gray case. The only difference is that, here, the liability is limited if the assured dies from one of the specified diseases, irrespective of the time of his death, whereas, in the policy considered in the Gray case, the death of the insured would have to occur within eighteen months from the date of the policy in order for the condition to apply. This difference in the applicability of the conditions with respect to the time of the insured's death is, however, of no consequence here.

The "Heart Disease" and other diseases specifically mentioned in the policy provision are separated by commas from the clause "or any chronic disease contracted before this Policy has been in force for twelve (12) months". The presence of these commas indicates a clear intention on the part of the writer of the contract to disassociate the diseases specifically mentioned from the clause "or any chronic diseases contracted before this Policy has been in force for twelve (12) months". In other words, if death occurs from any of the diseases specifically mentioned, it is not necessary that it be shown that such disease was contracted at any particular time in order for the limitation to apply but, if death occurs from a chronic disease, which is not included in those particularly named, the insurer is required to show that such chronic disease was contracted within twelve (12) months after the issuance of the policy in order for it to successfully defeat the plaintiff's right to recover the full death benefit. Compare Albert v. New Capital Industrial Life Insurance Co., 154 So. 755, where we held that a condition, quite similar to the one appearing in the Gray case and in the instant matter, was ambiguous because the diseases particularly enumerated were not separated from the clause "or any chronic diseases contracted within eighteen (18) months from the date of the Policy" by commas or

any other marks indicating an intention on the part of the writer of the contract to disassociate them from the clause referring to chronic diseases.

Counsel for the plaintiff, however, argues that this case may not be distinguished from our decision in Geddes & Moss Undertaking & Embalming Co. v. First National Life Insurance Co., supra, and points out that the condition here relied upon is the same one which the defendant unsuccessfully attempted to invoke in that matter.

In the Geddes & Moss case, it appeared that the insured died from diabetes and hypertensive heart disease and that she had suffered from those ailments long before the issuance of the policy. The defendant maintained that, under condition 9 of the contract, its liability was limited because the insured had died from a chronic disease from which she had been suffering for a long time and that it was immaterial, under the clause "or any chronic diseases contracted before this policy has been in force for twelve (12) months" whether she had contracted the disease before or after the issuance of the policy. In rejecting the contention, we held that the clause "or any chronic disease contracted before this policy has been in force for twelve (12) months" was ambiguous because it could not be discerned whether it was intended to cover diseases which had been contracted prior to the execution of the contract or whether its application should be restricted to chronic diseases which had been contracted within twelve months after the issuance of the policy. We were further of the opinion that, since it was conceded that the insured had died of a chronic disease which she had contracted prior to the issuance of the policy, the clause was inapplicable (1) because, giving the language of the condition an interpretation most favorable to the insured, it could not be said that the parties intended that the condition should be operative as to diseases or illnesses contracted prior to the issuance of the policy and (2) because, by interpreting the condition in the manner contended for, the insurer would be permitted to effect a partial forfeiture of the policy in violation of Act No. 97 of 1908.

We had no occasion in the Geddes & Moss matter to pass upon the applicability of the condition with respect to its operation in case the assured died from one of the diseases which are specifically named in the provision, and as to which the liability of the defendant is limited no matter when such disease is contracted. A reading of the opinion will readily reveal that counsel for the defendant conceded that the diseases which caused the insured's death were chronic diseases and were covered by the clause "or any chronic disease contracted before this Policy has been in force for twelve [12] months". [177 So. 822.]

It is true that, in our recent decision in Moore v. Southern Life & Health Insurance Co., 195 So. 857, 858, in commenting upon our opinion in the Geddes & Moss case and in distinguishing that decision from the question there presented, we erroneously stated that, in the Geddes & Moss case, the insured had died of one of a number of excepted diseases which had been contracted by her long before the date of the policy and that the condition relied upon by the defendant provided that "if the insured died from any one of a number of specified diseases which had been contracted by her before the policy was in force, the liability of the company would be limited to the payment of a part of the full death benefit." While it must be admitted that the foregoing statement is inaccurate and is somewhat misleading, a reading of the decisions in the Geddes & Moss, Gray and Moore cases will readily disclose that we never intended to convey the impression that conditions in insurance policies (like the one under consideration), which limit liability in the event the insured dies from a specific disease, should be held to be ambiguous or inoperative where the specific diseases mentioned in the condition are plainly disconnected from and disassociated with another clause contained therein which provides that the insurer's liability will be restricted in case death should occur from any chronic disease which has been contracted by the insured within a certain time after the policy has been in force.

Since we find that the defense of the insurance company is well taken and since it has always conceded its responsibility for the sum of $121, which it deposited in the registry of the court at the time it filed its answer, it should not be taxed with any of the costs of this litigation.

For the reasons assigned, the judgment appealed from is amended by reducing the amount thereof from $188 to $121 and, as thus amended, it is affirmed. Plaintiff to pay all costs of court.

Amended and affirmed.