Sylvan Garrell was named beneficiary in a policy of industrial insurance for the sum of $113 issued on May 9, 1938, by defendant, the Good Citizens Mutual Benefit Association, Incorported. The insured was Duetta Garrell, the wife of the said beneficiary.
The insured died on December 11, 1940, and this is a suit by the beneficiary for the face amount of the policy. Defendant has admitted the issuance of the policy, the death of the insured and that all premiums were paid at the time of the death, but has denied liability entirely on the ground that at the time at which the insured applied for the policy, and also at the time of its issuance, the said applicant-insured well knew that she was suffering from tuberculosis, and willfully concealed that fact. Defendant, in the alternative, contends that if it appears that there was no such willful concealment or misrepresentation, then its liability is limited to one fourth of the face of the policy because of a certain policy condition which, according to defendant, provides that if death should result from tuberculosis, then only one-fourth of the face value of the policy should be paid.
Defendant, further conceding that if there was no willful concealment or misrepresentation, its liability is fixed at $28.25, has deposited that amount in the registry of the court and has averred that it offered to pay that sum to plaintiff, prior to the filing of the suit.
There was judgment below for $28.50 in favor of plaintiff and plaintiff has appealed maintaining that the full amount of the face value of the policy ($113) is due. After his appeal was perfected, plaintiff filed in this court a remittitur in the sum of 25¢, suggesting in his motion that the total face value of the policy is due, but also, and without prejudice to his right to appeal, conceding that if the recovery should be limited to one-fourth of the face amount of the policy, $28.25, and not $28.50, represents one-fourth of the said face of the policy.
Appellee, the insurer, has not answered the appeal.
Even if the record showed that the insured willfully misrepresented the condition of her health, we could not grant to defendant a decree absolving it from liability for $28.25 since it has not answered the appeal. Therefore, we need devote no time to a consideration of whether there was a willful misrepresentation or concealment, and we pass at once to a study of whether because of the cause of the death and the policy condition, the recovery was properly limited to one-fourth of the face of the policy.
The condition on which defendant bases its defense, that its liability in any event is limited to $28.25, reads as follows: "* * * If the insured shall die from Heart diseases, Tuberculosis, disease of the lungs, Respiratory Organs, Cancer, Bright's Disease, Liver Troubles, Pellagra, Cerebral Hemorrhage, Paralysis, High Blood Pressure, or any chronic disease contracted within twelve (12) months from date of Policy, only one-fourth the sum otherwise provided for in this Policy will be payable."
Plaintiff contends that, in the first place, there is no proof that the insured died from tuberculosis as maintained by defendant, and, in the second place, that even if it appears that tuberculosis was the cause of the said death, the policy provision should be construed as having no application unless it also has been made to appear that the disease was contracted "within twelve (12) months from date of Policy."
So far as the cause of death is concerned, the record convinces us that tuberculosis was that cause. It was overwhelmingly shown that for several years the insured had suffered from this disease and that, a report of a physical examination, made as far back as May 2, 1938, showed that "She had active pulmonary tuberculosis *Page 261 
and radio-gram showed definite evidence at this time of an infiltration involving the entire left lung, * * *" and also that she had "infiltration on right side extending out to the peripheral."
Dr. Jules Myron Davidson, of whom counsel for plaintiff said: "I will admit that he is an expert. I will admit anything with reference to his qualifications" testified that he had treated the insured for sometime for tuberculosis and that she died of pulmonary tuberculosis.
The next question then is: Is it necessary for defendant, if it is to limit its liability to one fourth of the policy, to show that the said disease was contracted within twelve months of the date of the policy? The question is: Does the phrase "within twelve (12) months from date of Policy" qualify all of the rest of that provision, or does it qualify merely the words: "Any chronic disease"?
In Gray v. Louisiana Industrial Life Ins. Co., Inc., 193 So. 278, 279, we considered just such a policy condition. There the clause provided that the liability would be limited to one-half of the face of the policy "* * * should death occur in the third six months thereof, should such death result from or be contributed to by Heart Disease, Tuberculosis, Chronic Bronchitis, Cancer, Bright's Disease, Pneumonia, Liver Trouble, Pellagra, Cerebral Hemorrhage, Paralysis, High Blood Pressure, Influenza, or any chronic diseases contracted before the date of issuance of this policy. * * *"
We held that: "* * * The words `contracted before the date of issuance of this Policy' relate solely to the words `or any chronic diseases' and not to the diseases specifically named which precede and are separate and apart from the clause `or any chronic diseases contracted before the date of issuance of this Policy.'"
In Lewis v. First National Life Ins. Co., 199 So. 196, we were presented again with the identical question and reached the same conclusion. The reasons which we gave in those cases are pertinent here and we have not changed our views since those opinions were rendered. We therefore conclude that the policy provision from which we have quoted simply means that in the event of death from tuberculosis, however and whenever contracted, only one-fourth of the face of the policy is to be paid.
Plaintiff makes a further contention that because of the provisions of Act 140 of 1938, the policy became incontestable after it had been in force for one year, and further, that because of the effect of a stipulation in the policy itself, it became incontestable after two years from its date. So far as the statute is concerned, it was not enacted until after the issuance of the policy, and in Prilleux v. Metropolitan Life Ins. Co.,4 So.2d 768, we held that this statute could not be permitted to affect policies issued prior to its enactment.
So far as both the statute and the incontestability clause in that policy are concerned, we do not think that the contention that the liability is limited to one-fourth of the face of the policy involves incontestability at all. This contention merely raises the proposition that the policy does not provide for more than a certain amount in the event of death from certain specified causes. In other words, the insurers provided that $113 would be paid in the event of death from other causes, but that in the event of death from tuberculosis or from other specifically designated causes, the coverage would be only $28.25. And we have many times held that a policy condition, which limits the insurer's liability, should death occur from a certain cause or should death occur within a certain fixed time, is reasonable and will be enforced. Gray v. Louisiana Industrial Life Ins. Co., Inc., supra, and Moore v. Southern Life Health Ins. Co., La.App., 195 So. 857.
Defendant maintains that should we hold that its liability is limited to $28.25, it should be entirely relieved of all liability to pay costs, and it points to the fact that when suit was filed it deposited this amount in the registry of the court. But it overlooks the fact that it did not make that deposit unconditionally. It did not concede its liability for $28.25 at all. It resisted all liability and made the deposit only in the alternative that its first defense should not be upheld. In order for a deposit to have the effect of relieving the defendant from the obligation to pay costs, it must be made unconditionally.
The judgment for $28.50 was obviously the result of a mere error in calculation, and the reduction which we must make will not affect the liability for costs one way or the other. *Page 262 
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reduced to $28.25, and that as thus amended, it be affirmed, defendant to pay costs of the district court and plaintiff to pay costs of appeal.
Amended and affirmed.