ESTATE OF STUART WILSON, DECEASED, STELLA M. WILSON, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99676.   Promulgated November 14, 1940.

*Franklin M. Tomlin, Esq.*, for the petitioner.
*William G. Ruymann, Esq.*, for the respondent.

OPINION.

Disney: The petitioner contends that the sum of $4,517.01, payable to the decedent's wife in monthly installments was erroneously included by the Commissioner in decedent's estate because it was insurance within the intent of section 302 (g) of the Revenue Act of 1926, as amended.[1]

The respondent's position is that the amount is not insurance, but was properly included in decedent's gross estate and was transferred from the decedent to his wife within the meaning of section 302 (c) or (d) of the Revenue Act of 1926, as amended.[2]

Examination of the circumstances and provisions under which the amount in controversy was accumulated and paid to decedent's wife discloses that the money, except interest allowed, was subtracted from the decedent's salary over a period of years, that in case of his resignation or dismissal he had a right to draw the sums accumulated and interest; that upon October 27, 1932, he had served for 35 years and thereafter had a right to retirement on pension and to withdraw the accumulations with interest. The designation of his wife as beneficiary provided that she be paid the sums involved in the event of his death *prior to retirement on pension*. It thus appears that both prior

---

[1] Sec. 302 [as amended by section 404 of the Revenue Act of 1934]. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the United States—

\* \* \* \* \* \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, \* \* \*

(d) (1) To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona-fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death.

\* \* \* \* \* \*

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

[2] See footnote No. 1, *supra*.

to the completion of 35 years' service, by resignation or dismissal, and after such period by voluntary retirement on pension, the petitioner was in a position to assume command of the moneys, within the thought expressed in *Corliss* v. *Bowers*, 281 U. S. 376, and therefore the funds constituted his property at the date of his death; moreover that any transfer effected by the designation of beneficiary being effective only upon his death prior to retirement upon pension, was, after the expiration of the 35 years' service, several years prior to his death, subject to his power to revoke and terminate by the voluntary act of retirement upon pension. In the light of the decedent's power at all times over the fund, it is plain, we think, that any transfer intended by the designation of beneficiary was intended to be effective only at death. Had he retired upon pension, the designation of beneficiary would have become of no effect. Only absent such retirement could the beneficiary collect? It is to be noted that the respondent did not include the "death benefit" in gross estate and that the controversy arises only as to the salary deductions accumulated in the annuity savings fund at the death of the decedent, plus interest. It is seen from the treatment accorded by the actuary that the two funds were separately considered. To the one the city contributed; to the other, only the decedent, except to the extent of interest allowed, by deductions from his salary. In *Kernochan* v. *United States*, 89 Ct. Cls. 507; 29 Fed. Supp. 860, the Court of Claims considered this question as to insurance or property includable in gross estate, in the case of a member of the city employees' retirement system of the city of New York. Examination of that case reveals no material difference in the facts from those here involved. There as here the employee died before retirement, after amounts had been deducted from his salary as contributions to the retirement system, and his wife was entitled to a return of the amounts deducted, with interest. The decedent had, as herein, nominated his wife as beneficiary to receive payment of the accumulations "in the event of my death prior to retirement on pension." Likewise as herein, he also named his wife as beneficiary of the death benefit. In short, the system as to employees there involved seems upon the same model as that involved here as to teachers. The court, after extensive examination of the facts and consideration of the same Federal tax statute here involved, held that the fund was not insurance, but was an asset of the decedent's estate and properly included in decedent's gross estate.

The petitioner cites to us *In re Estate of Mary V. Fitzsimmons*, 158 Misc. 789; 287 N. Y. S. 171; affd., 248 App. Div. 862, which, like the present proceeding, involved the teachers' retirement system and where the New York courts held that the amount received was, as insurance, exempt from the New York estate tax. That case was cited to the

Court of Claims in the *Kernochan* case, *supra*. The court stated: "It does not appear that any attempt was made in that case to differentiate between the amount refunded and the amount paid as a death benefit", and that the point raised in the *Kernochan* case was not raised in the New York case. Though apparently urged, as we are, to hold that the state court decisions were binding, the Court of Claims held otherwise, citing *Lyeth* v. *Hoey*, 305 U. S. 188, and *Burnet* v. *Harmel*, 287 U. S. 103. We agree that the definition of what is insurance is a question for the Federal courts and for this Board, and that we are not bound by the *Fitzsimmons* case. We conclude and hold that the $4,517.01 was not insurance within the purview of section 302 (g) of the Revenue Act of 1926, as amended, and that the Commissioner did not err in including the amount in the gross estate of decedent, under section 302 (c) and (d) of the same act.

*Decision will be entered for the respondent.*