In the Matter of ELIZABETH C. HINEY, as Administratrix of the Estate of JAMES E. HINEY, Deceased, Petitioner, against TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, April 15, 1944.

*Thomas J. Irving* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Joseph G. De Vito* of counsel), for respondent.

EDER, J. The petitioner herein, administratrix of the estate of James E. Hiney, deceased, seeks an order under article 78 of the Civil Practice Act compelling the Teachers' Retirement Board to pay petitioner the sum of $4,378.77, being the amount of the accumulated deductions and interest, made from his salary while in the employ of the Board of Education as a teacher.

Deceased contributed to and was a member of the Teachers' Retirement System from September 1, 1927. In February, 1943, the Board of Education, pursuant to the provisions of section B20–42.0 of chapter 20 of the Administrative Code (L. 1937, ch. 929) of the City of New York, recommended his retirement on account of disability. Thereafter and on February 10, 1943, deceased was informed by the respondent that in the event of his disability retirement as a result of the findings of the Medical Board, he was privileged to elect to retire on a maximum retirement allowance of approximately $1,272 per annum, or if he chose, he could retire on a lesser allowance of approxi-

mately $969 per annum, in which case, were he to die before
he had received the approximate sum of $13,660, his estate or
designated beneficiary would receive the difference between
what he had received and said sum of $13,660. He was also
informed that he could retire either on the maximum retirement
allowance or under any of four options which were explained
on an accompanying application blank.

On March 5, 1943, said James E. Hiney wrote to respondent
as follows: " I appeared last night before your Board. If my
request to be retired is approved, I desire to be retired at maxi-
mum allowance, approximately $1,272 per annum."

On April 28, 1943, respondent sent deceased a notice that his
retirement from active service was approved on April 27, 1943,
and that an annual disability allowance of $1,280.28 payable in
monthly installments dating from April 1, 1943, had been author-
ized. The allowance was made up as follows:

| | |
|---|---|
| Annuity Reserve Fund........... | $380.28 |
| Pension Reserve Fund No. 1........ | 900.00 |
| Total Retirement Allowance....... | 1,280.28 |

On May 13, 1943, James E. Hiney died without having received
any payment from respondent. It is the respondent's conten-
tion that all that is due to petitioner is $151.43, representing
the retirement allowance from April 1, 1943, to May 13, 1943.

The petitioner's claim to the sum of $4,378.77, made up of
salary deductions of $3,411.55 and interest of $967.22 is based
on two grounds, viz., first, that under section B20–40.0 of the
Administrative Code, thirty days not having elapsed between
the date of the approval of the retirement on April 27, 1943,
and the date of the death of James E. Hiney on May 13, 1943,
his estate is entitled to the accumulated deductions from his
salary and interest thereon; and second, since no specific pro-
vision of law permitted respondent to retain unused accumulated
deductions of salary, a forfeiture thereof will not be presumed
and their retention by the respondent constitutes an unjust
enrichment on its part.

With respect to the first contention of petitioner, the provi-
sion of the Administrative Code relied upon, does not appear
to be in point. The section reads as follows:

" § B20–40.0 *Special death and retirement benefits.*— a. Upon
the death of a contributor, before retirement or within thirty
days after the effective date of his service retirement, or
within thirty days after the filing of his application for dis-

ability retirement, in lieu of any retirement allowance, or optional benefit, or any death benefit, there shall be paid to his estate or to such person as he shall have nominated by written designation duly executed and filed with the retirement board

" 1. His accumulated deductions; and, in addition thereto,

" 2. An amount equal to (a) six percent of his average salary," etc.

The petitioner contends that though the decedent did not file a voluntary application for retirement, the thirty-day provision of the said section of the Code is applicable to cases of involuntary disability retirement. The Legislature has seen fit, however, in case of death to provide that the accumulated deductions and interest be paid to the estate of deceased, *if* thirty days have not elapsed since the filing of *his* application for retirement. Clearly a voluntary application is intended. Nor can the section be interpreted to make the thirty-day provision run from the date of the approval by respondent of the retirement, that is from April 27, 1943. On that date, the retirement became an accomplished fact and the status of the deceased changed from that of contributor to beneficiary. (See *Katz* v. *New York City Teachers' Retirement Bd.*, 291 N. Y. 360, 363.)

While it may be as petitioner contends, that there is more reason for providing the thirty-day extension in the case of an involuntary than in a voluntary application, the court has no right to read into the statute something which is not there. The petitioner further argues that April 27, 1943, must be regarded as the date of the filing of the application, such argument however has no basis either in fact or in reason. If any application be deemed filed by the deceased, such was filed on or prior to March 5, 1943, the date of his letter to the Board wherein he referred to " my " request to be retired.

As to the claim of the petitioner that the respondent would be unjustly enriched by the retention of the salary deductions of the deceased, this contention likewise is without merit. The retirement allowance in this case consisted of a " pension " and in addition " an annuity * * * which shall be the actuarial equivalent of his accumulated deductions." The deceased had selected the retirement allowance which gave him the maximum annual payment during his lifetime. To obtain this, he in effect purchased an annuity with the sum of $4,378.77, the amount of his annuity reserve, and thereby was awarded $380.28 annually for life which added to his pension fund of $900 per

annum, gave him his retirement allowance of $1,280.28. He might have lived far beyond his life expectancy in which event the respondent would have been a loser. "Annuitants who die early receive less than the amount paid; those who survive beyond the expectancy period receive more than they paid." (*Woodworth* v. *Prudential Insurance Co.*, 258 App. Div. 103, affd. 282 N. Y. 704.)

As events turned out the deceased was unwise in his selection of a retirement allowance. However, it does not follow that thereby his estate should be reimbursed to the extent of his salary deductions and interest. The amount thereof was no longer his, he having expended same in the acquisition of his annuity. He made a deliberate choice from among several available benefits. Such choice was not a hurried one as he took from February 10, 1943, the date of the respondent's notice to him of the action of the Board of Education, until March 5, 1943, to make his decision. As Mr. Justice McCook said in *Harris* v. *Board of Education Retirement System of the City of New York* (N. Y. L. J., April 19, 1940, p. 1782, col. 2, affd. without opinion 261 App. Div. 958): "Plaintiff's husband could have chosen any of several options. He could have elected to receive his money in full or he could have made arrangements for monthly payments to him in the form of an annuity or he could have accepted lesser monthly payments, constituting the balance a reserve payable to his wife upon death. He chose to accept the maximum amount payable to him as a pension. Just as the defendant could have no complaint had the deceased lived beyond his life expectancy, so the plaintiff can have no cause of action because he failed to attain it."

Nor does the fact that the respondent made no payments of the retirement allowance change the situation. The rights of the parties became fixed when the deceased having made his choice of his retirement allowance, the respondent approved the retirement of the deceased from active service. The motion is accordingly denied and the petition dismissed.