Estate of Benton Louis Snyder, Corn Exchange Bank Trust Company, Executor v. Commissioner.
Estate of Benton Louis Snyder, Corn Exch. Bank Trust Co. v. Commissioner
Docket No. 6230.
United States Tax Court
1945 Tax Ct. Memo LEXIS 56; 4 T.C.M. (CCH) 957; T.C.M. (RIA) 45320; October 23, 1945
Paul G. Reilly, Esq., for the petitioner. T. R. Charshee, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency in estate tax in the amount of $4,822.54. The only assignment of error is as follows: Respondent erroneously held that the amount of $21,715.50 paid as a death benefit by the Teachers' Retirement System of the City of New York to the son of the decedent is includable in the gross estate under the provisions of Section 811 (c) and/or (d) of the Internal Revenue Code. The facts have *57 been stipulated. [The Facts] Benton Louis Snyder, the decedent, died a resident of New York City on February 23, 1942. An estate tax return was filed by his executor with the collector of internal revenue for the 14th district of New York. The decedent was appointed a teacher in the New York City School System in 1896 and served continuously until he retired on February 1, 1942. He filed an application for retirement with the Trustees of the Teachers' Retirement System of the City of New York on December 16, 1941. The city of New York established a Teachers' Retirement System in 1917. The original provisions have been amended from time to time but the general scheme of the System has been retained. Membership has been compulsory for all teachers and regular deductions from their salaries have been made under the System. Interest accumulated on the salary deductions. The deductions were made on a somewhat different basis for persons who became members after August 1, 1917, as compared to persons who became members at that date. The latter are referred to as "present teachers". The decedent was of that class. A present teacher could choose the percentage of his salary, within *58 certain limits, which was to be deducted annually under the System. The principal purpose of the accumulation of deductions from salaries was to provide the teacher with an annuity upon retirement. Those accumulations, with interest, were to be returned to the teacher at some time or other unless they were used to provide an annuity. The System also received funds for certain purposes from the city of New York. One of the purposes for which these funds were used was to pay "death benefits". The law covering the decedent's rights under this System at the time of his death provided that if a member died within 30 days after the effective date of his service retirement, there should be paid to his estate or to such person as he had nominated by a writing filed with the Retirement Board, (1) his accumulated deductions with interest, and (2) an amount equal to a stated percentage of his salary multiplied by his years of service. The petitioner filed a writing in October 1929 designating his son, Richard, to receive his accumulated salary deductions with interest and any death benefit to which he might be entitled under the Teachers' Retirement System. It would appear from the briefs *59 that Richard received, after the death of his father, accumulated deductions in the amount of $5,119.99, representing accumulated salary deductions of $3,252.36 with interest thereon in the amount of $1,867.63. However, there is no evidence in the record to show these things. Apparently, the amount received as accumulated salary deductions with interest has been included in the gross estate. No contention is made that it should not be included. Cf. Estate of Stuart Wilson, 42 B.T.A. 1196; Kernochan v. United States, 29 Fed. Supp. 860, certiorari denied, 309 U.S. 675. Richard also received $21,715.50 as "death benefits". This amount was reported on the return along with other items as the proceeds from policies of life insurance receivable by beneficiaries other than the executor of the decedent. The total amount thus reported as proceeds of life insurance amounted to $50,942.69, from which $40,000 was deducted, and the balance of $10,942.69 went into the gross estate. The Commissioner, in determining the deficiency, held, inter alia, that the amount of $21,715.50 was includable in the gross estate under 811 (c) or (d) and was not subject to *60 the insurance exemption under 811 (g). The petitioner contends that the death benefit in the amount of $21,715.50 may not be included in the gross estate under either section 811 (c) or (d), I.R.C., but is in the nature of insurance within the meaning of section 811 (g). He points out that it has been the consistent practice of the Commissioner to treat such death benefits as coming within the provisions of section 811 (g). He says this practice has been so consistent that this is the first case which has ever come up for decision in which the Commissioner has contended that such death benefits should be included in the gross estate under some provision other than (g). The Commissioner does not deny that his action in the present case is wholly inconsistent with his treatment of similar items in the past. He contends, however, that he has a right to change if his past actions were wrong and his present action is right. It would not make any difference in the present case whether the amount went into the gross estate through section 811 (g) or through section 811 (c) or (d) except for the $40,000 exclusion provided in (g). That exclusion was eliminated by an amendment to the Revenue *61 Act of 1942. See section 404 of that act. Thus, if the long established practice of the Commissioner were to be changed, the effect of the change would be limited. It is obvious that the consistent practice of the Commissioner in treating these items has proven generally satisfactory. Witness the absence of decided cases on the subject. The proper treatment of such items for estate tax purposes is not too obvious. See Federal Estate and Gift Taxation, Paul, § 10.10. The courts of New York have held that payments of death benefits of this character are in the nature of life insurance. Matter of the Estate of Hugh O'Donnell, 153 Misc. 480, 275 N.Y.S. 445; In re Fitzsimmons' Estate, 158 Misc. 789, 287 N.Y.S. 171, affirmed 248 App. Div. 862, 291 N.Y.S. 168; In re Newton's Estate, 177 Misc. 877, 32 N.Y.S. (2d) 473; Hiney v. Teachers' Retirement Board of the City of New York, 182 Misc. 147, 47 N.Y.S. (2d) 648. This Court and the Court of Claims by inference, at least, have done the same. Estate of Stuart Wilson, supra; Kernochan v. United States, supra.The circumstances of this case are not such *62 as to cause us to reverse the Commissioner's long established practice of treating such death benefits as coming within the provisions of section 811 (g). We hold that the item here in question was insurance within the meaning of section 811 (g). Decision will be entered under Rule 50.