In the Matter of the Estate of MARY V. FITZSIMMONS, Deceased.

Surrogate's Court, New York County, February 6, 1936.

*Edgar Hirschberg*, for the State Tax Commission.

*Bernard Botein* and *Charles Abrams*, for the executrix.

*Harold H. Stern*, for the executrix, individually.

FOLEY, S. This is an appeal by the State Tax Commission from the *pro forma* order of August 19, 1935, entered on motion fixing the estate tax. The ground of appeal is that there was erroneously deducted from the gross estate the sum of $11,150, the amount received from the Teachers Retirement System of the City of New York. This sum was paid directly to Florence R. Fitzsimmons, a sister of the decedent, in accordance with the decedent's designation

of a beneficiary filed with the Retirement Board. The decedent died on April 4, 1935. Prior to the enactment of the new Estate Tax Law (Laws of 1930, chap. 710, art. 10-C) the State of New York did not subject to tax moneys received from such a source when payable to a designated beneficiary and such moneys when payable to the decedent's estate were held to be exempt from taxation. (*Matter of Fischer*, 132 Misc. 204; affd., 223 App. Div. 887; *Matter of Morrison*, 130 Misc. 438.) These decisions, however, and the provisions of the Greater New York Charter exempting such moneys from taxation were overruled and repealed by the enactment of the Estate Tax Law. Sections 249-q, 249-r and 249-s of this law set forth the exemptions and all others are specifically disallowed by section 249-kk, which provides: " Exemptions in other laws not applicable. No exemption provided for in any other article of this chapter or any other law of this state shall be construed as being applicable in any manner under this article." The provisions of this section have been held to prohibit an exemption of proceeds received from retirement systems when they are payable directly to the decedent's estate and not to some other designated beneficiary. (*Matter of Waite*, N. Y. L. J. Jan. 22, 1934, p. 347; *Matter of O'Donnell*, 153 Misc. 480.)

The question now presented is whether moneys payable to a designated beneficiary from the Teachers Retirement System of the City of New York may be classified as insurance. Insurance payable to a designated beneficiary to the extent of $40,000 is exempt from taxation under section 249-r, subdivision 9, of the Estate Tax Law and the Federal statute to which it refers (Federal Revenue Act of 1926, § 302, subd. g; U. S. Code, tit. 26, § 1094, subd. g). The amount involved in the pending estate is less than the maximum statutory exemption.

In the footnote to subdivision 9 of section 249-r the State Tax Commission and the Commission to Investigate the Defects in the Law of Estates which jointly recommended the new legislation stated that the purpose of this section " is intended to carry out the policy of New York state not to tax insurance payable to specified beneficiaries. It only imposes a tax on such insurance in cases where the same is taxed under the federal estate tax act where, of course, the tax would be payable to the federal government if New York did not take it." (Legis. Doc. 1930, No. 69, p. 206.)

A review of the provisions of the Teachers Retirement Law (Greater New York Charter, § 1092, as amd.) and its operation disc ose a close similarity of the benefits to ordinary insurance. The use of mortality tables is authorized and an actuary is employed to compute the contributions to be made by a member of the system

and the benefits payable at the death of a member. Subdivision U of section 1092 provides: " The retirement system created by this act shall be subject to the supervision of the department of insurance in accordance with the provisions of sections thirty-nine and forty-five of the insurance law, so far as the same are applicable thereto and are not inconsistent with the provisions of this act."

Section 39 of the Insurance Law requires the Superintendent of Insurance to examine the affairs of insurance companies generally or an " association, society, pension fund, retirement system, or order, required to make reports to, or subject to examination by, the superintendent of insurance, at least once in five years." Section 45 requires the furnishing by the Superintendent of Insurance of forms for reports from " every insurance corporation or other insurer, pension fund or retirement system required by any law to report to him." Pursuant to these sections a yearly report is submitted by the Teachers Retirement System to the Superintendent of Insurance and every five years a complete examination of the operation, management and investments of the system is made by examiners representing the State Insurance Department. That this particular system was enacted by provisions of the Greater New York Charter and not under section 229 of the Insurance Law, which authorizes pension and retirement systems, in no way detracts from its character as insurance. The moneys received by Florence R. Fitzsimmons from the Teachers Retirement System of the City of New York are, therefore, exempt from taxation and the appeal of the State Tax Commission is denied.

Submit order on notice in accordance with this decision.