**KERNOCHAN v. UNITED STATES.**

No. 44023.

Court of Claims.

Nov. 6, 1939.

862

L. L. Hamby, of Washington, D. C., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

On October 1, 1920, the decedent was Chief Justice of the Court of Special Sessions of the City of New York. As such he was eligible to become a member of the New York City Employees' Retirement System. On this date he made application to become a member and was accepted.

Under the provisions of the law providing for the New York City Employees' Retirement System (Laws of New York, 1920 Edition, Vol. 2, Chap. 427, pp. 1056–1078), and under the provisions of the application made by the decedent in this case, he was entitled to retire at the age of 60 years; whereupon, he was entitled to receive annually a certain annuity, the total amount of which could not exceed $98,183. This was payable either at the rate of $9,455 per annum, in which event payments ceased at his death, or, at de-.cedent's option, at the rate of $7,880 per annum. In the latter event and upon his death the difference between the total retirement allowance of $98,183 and the total amount of annuities withdrawn by him was payable to his nominee, or to his estate if no nominee were named.

If he chose, he could withdraw from the Retirement System prior to reaching the age of sixty, in which event he was not entitled to any annuity, but was entitled to have returned to him all amounts deducted from his salary, with 4 percent interest thereon; or, if he died prior to retirement, his nominee or his estate, as the case might be, was entitled to receive the total amount deducted from his salary, plus interest at 4 percent, and, in addition, an amount equal to a year's salary.

The decedent had not retired at the time of his death. The total amount deducted from his salary, plus interest at 4 percent, amounted at the time of his death to $21,274.65. This amount, plus a year's salary, $18,000, or a total of $39,274.65, was paid to Elizabeth H. Kernochan, in pursuance of the direction contained in the decedent's application to become a member of the Retirement System.

The applicable portions of the application read as follows:

"* * * I, Frederic Kernochan, hereby nominate Elizabeth H. Kernochan * * * as the beneficiary to whom I request and hereby authorize the New York City Employees' Retirement System to pay, in the event of my death prior to retirement on pension, the total amount of my accumulated deductions from my compensation standing to my credit in the New York City Employees' Retirement System; I further nominate Elizabeth H. Kernochan * * * as the beneficiary to whom I request and hereby authorize the New York City Employees' Retirement System to pay the cash death benefit allowable on my account in the event that my death should not be the result of an accident while in the performance of duty permitting the granting of a pension of one-half of my final compensation."

The Commissioner determined that the $18,000 paid decedent's widow was insurance, and, since the total amount of insurance did not exceed $40,000, was exempt, but he included in the gross estate of decedent the sum of $21,274.65, representing the total deductions from his salary, plus 4-percent interest, as a transfer made by the decedent, to take effect at or after his death, under Section 302(c) of the Revenue Act of 1926, as amended, 26 U.S. C.A. §.411(c).

The plaintiff insists that the widow did not receive this sum as the result of a transfer made to take effect at or after decedent's death, but, on the contrary, that it was insurance on the decedent's life.

With this contention we cannot agree.

The ·purpose of the deductions from decedent's salary and the contribution made by the City of New York was to build up a fund from which the employee could be paid an annuity upon his retirement. This is evidenced by the fact that when the System was released from the obligation to pay the annuity, either by applicant's withdrawal during life and before retirement, or by death before retirement,

866

he, or his estate or nominee, was then entitled to have returned all amounts deducted from his salary, plus interest at 4 percent. Upon withdrawal or death the contract to pay the annuity was cancelled and the consideration returned. The exact amount paid, plus interest, was refunded, no more and no less. There is no element of insurance in this.

Had the widow upon the decedent's death been entitled to receive the annuity payable to the employee upon his retirement, there would be room for the contention that the contract was a contract of insurance, but she was not entitled to this, but only to a refund of the amount paid, plus interest.

The Retirement System was under liability to decedent to return to him or his estate or nominee the amount deducted from his salary upon his withdrawal or upon his death prior to retirement. This was an asset of decedent's estate at the time of his death. It passed to his widow by virtue of the direction contained in decedent's application. This amount the decedent would have been entitled to receive during his lifetime upon withdrawal prior to retirement. His widow was entitled to it only upon his death. It was therefore properly included in decedent's gross estate.

The widow was entitled to receive, in addition to a return of the deductions, decedent's salary for a year. This has been treated by the Commissioner as insurance and the correctness of this action is not disputed by either party.

Our attention has been directed to the case of In the Matter of the Estate of Mary V. Fitzsimmons, 158 Misc. 789, 287 N.Y.S. 171, in which it was held that the amount received under a similar statute from the Teachers' Retirement System was exempt from the New York Estate Tax as insurance. It does not appear that any attempt was made in that case to differentiate between the amount refunded and the amount paid as a death benefit.

In the Matter of the Estate of Hugh O'Donnell, 153 Misc. 480, 275 N.Y.S. 445,

it was assumed, but without discussion, that such amounts were in the nature of insurance.

Even though we were bound by the decisions of the state courts in construing the Federal Estate Tax Act, we would not feel bound by these decisions, because in them the point was not raised that is raised in this case.

■■ But it is clear we are not so bound. Lyeth v. Hoey, 305 U.S. 188, 191–194, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410; Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199. The Federal Estate Tax Act exempts from the estate tax insurance. What is insurance, as the word is used in the Act, is a question for the Federal courts, just as the questions of what is an inheritance or what constitutes a sale of capital assets, as those words are used in the Federal Income Tax Acts, were held to be questions for the Federal courts in the cases cited supra, in the determination of which they are not bound by the decisions of the state courts. As was said in both Burnet v. Harmel and Lyeth v. Hoey, supra, "State law may control only when the federal taxing act, by express language or necessary implication, makes its own operation dependent upon state law."

For the reasons stated we hold that the payment to the widow of the $21,274.65 was a refund of amounts paid for an annuity contract, from the obligation of which the System had been discharged; that it was not insurance; that it was an asset of decedent's estate at the time of his death and that it was therefore properly included in decedent's gross estate.

Plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.

WILLIAMS and LITTLETON, Judges, concur.

GREEN, Judge, and WHALEY, Chief Justice, concur in the conclusion.