In the Matter of the Estate of PAULINE J. BURTMAN, Deceased.*

Surrogate's Court, Bronx County, May 14, 1943.

---

* See, also, *Matter of Newton*, 177 Misc. 877.—[REP.

*Abraham Marcus* for Lena Geisler, as Executrix of Pauline J. Burtman, deceased.

*Hamilton McInnes* and *Abraham D. Levy* for State Tax Commission.

HENDERSON, S. This is an appeal by the executrix from a *pro forma* order of the Surrogate fixing the tax with respect to this estate.

The decedent, at the time of her death, was a teacher in the New York City school system, and as such, a member of the Teachers' Retirement System. Deductions were made from the salary of the deceased at regular intervals for the retirement fund, and these salary deductions amounted to the sum of $6,049 at the time of her death.

The sole question presented by this appeal is whether or not the appraiser properly included the sum of $6,049, the accumulated salary deductions paid by the Teachers' Retirement System to a designated beneficiary, as a part of the taxable estate.

The appellant contends that the money so paid constituted insurance and, as such, should have been excluded from the gross estate, and no tax should have been assessed thereon.

The legislation establishing and regulating the Teachers' Retirement System of the City of New York is now found in title B of chapter 20 of the Administrative Code of the City of New York (L. 1937, ch. 929). The purpose of this legislation is to provide a fund with which to pay pensions to members of the system who are eligible for retirement. The fund for this purpose is built up by deductions from the salaries of members (Administrative Code of the City of New York, § B20-20.0) and contributions by the city (§ B20-26.0). "Accumulated deductions" are defined as the total of the amounts deducted from the salary of a contributor and standing to the credit of

his individual account in the annuity savings fund, together with regular interest thereon (§ B20–1.0, subd. 21). If a membership of the contributor terminated by resignation, transfer or dismissal, such contributor would be entitled to have returned to him the full amount of the accumulated deductions (§ B20–38.0). Upon the death of the contributor before retirement, as in the present case, the estate of the decedent or his nominee would be paid his accumulated deductions and, in addition thereto, certain other benefits (§ B20–40.0).

In the present case, these accumulated deductions were paid to a nominee.

From all of the foregoing it appears, therefore, that the Retirement System was under obligation to the decedent to return to her or her estate or nominee the amounts deducted from the decedent's salary upon her withdrawal or upon her death prior to retirement. This obligation was an asset of the decedent's estate. It passed, however, to a nominee by virtue of the designation. The decedent would have been entitled to the fund upon her withdrawal prior to retirement. The nominee was entitled to it only upon her death.

It is apparent that there is no element of insurance in this particular fund. (*Matter of Kernochan* v. *United States*, 29 F. Supp. 860.) In *Helvering* v. *Le Gierse* (312 U. S. 531) it was stated that risk-shifting and risk-distribution are essentials of a contract of life insurance. It was further stated that " annuity and insurance are opposites; * * *. From the company's viewpoint, insurance looks to longevity, annuity to transiency.''

The accumulated deductions do not possess the essentials of insurance. There is no risk-shifting or risk-distribution. As has been previously pointed out, the amount of payment is not contingent upon death. The contributor, his estate or his nominee, would be entitled to the entire amount of the deductions. The contract of the decedent with the Retirement System, with respect to such salary deductions, resembles more closely an annuity than an insurance contract (*Matter of Newton*, 177 Misc. 877).

The appellant argues that this court is controlled by the decision in *Matter of Fitzsimmons* (158 Misc. 789, affd. 248 App. Div. 862). In *Matter of Cregan* (275 N. Y. 337, 341) it was stated: " In *Matter of Weiden* (263 N. Y. 107) the court indicated that in determining the effect of provisions of the New York Tax Law, weight should be given to the construction placed upon analogous provisions in the Federal statute ' for

the purpose of maintaining the uniformity of administration of the Tax Law which the Legislature has sought to achieve.' "

In the *Kernochan* case (29 F. Supp. 860, *supra*) in referring to *Matter of Fitzsimmons* (158 Misc. 789, affd. 248 App. Div. 862, *supra*) it was observed, at page 866, that "It does not appear that any attempt was made in that case to differentiate between the amount refunded and the amount paid as a death benefit." It must be further noted that the *Kernochan* case (*supra*) was cited with approval in *Helvering* v. *Le Gierse* (312 U. S. 531, *supra*).

The *pro forma* order heretofore entered herein is affirmed.