

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 13, 1949

Mrs. B. B. Sapp                                Opinion No. V-965
Director and Executive Secretary
Teacher Retirement System of Texas   Re: Payment of accumulated
Austin, Texas                                       contributions of member
                                                            of Teacher Retirement
                                                            System who died before
Dear Mrs. Sapp:                                   retirement.

Your request for an opinion reads in part as follows:

"Please instruct me as to the proper disposition
of claims based on the following circumstances:

"1. A member of the Teacher Retirement System
designated her husband as beneficiary to receive her
accumulated deposits if death occurred before retire-
ment was in effect. The said member, two years after
making the said designation, obtained a divorce from
the said husband. Two years subsequent to the divorce
the said member died; said member being survived by
her mother. Since the designation specified husband
and since the said member died without a husband, am
I correct in assuming that the money should be refunded
according to the laws of descent and distribution of Texas?

"2. A member designated her husband as benefi-
ciary, later obtained a divorce from said husband and
remarried. The said member failed to change her for-
mer designation and now has died, having died the wife
of the second husband. Will the former designation hold
or should the money be paid to the husband with whom
she was living at the time of her death?"

We assume that the designation of the named beneficiary
in each instance mentioned in your request was made on the form
adopted by the Retirement System, and further that the two mem-
bers of the Retirement System involved herein died intestate. We
are of the opinion that the same conclusion is applicable to each

of the two situations and they will be discussed together.

The questions presented have obviously arisen because of the insistence on the part of interested parties that accumulated contributions paid under the Teachers' Retirement System are in the nature of insurance, and hence the Texas rule with respect to insurable interest on the part of beneficiaries in life insurance policies [1] should be applied to the party designated to receive paid in contributions in the event of the death of the member prior to retirement.

The Act creating the Teachers' Retirement System, Article 2922-1, V.C.S., in general sets up a system whereby the teachers of the public schools may be retired for length of service or disability. It provides for retirement or disability benefits in the form of annuities payable in part out of sums contributed from the salaries of the teacher members of the System, and the balance out of funds contributed by the State. Upon retirement the member is entitled to receive a retirement allowance in the form of an annuity which is derived from accumulated contributions credited to his or her account in the Teacher Saving Fund at the time of retirement and from certain credits allowed for service prior to the establishment of the System. Woods v. Reilly, 147 Tex. 586, 218 S.W.2d 437 (1949).

With reference to contributions paid into the System by the members the Act specifically provides in Subsection 6, Section 5, Art. 2922-1, V.C.S., as amended, Acts 51st Leg., R.S. 1949, Ch. 139, p. 244, that:

---

1/ No person can be named beneficiary in a life insurance policy unless he has an insurable interest in the life of the person insured. Drane v. Jefferson Standard Life Ins. Co., 139 Tex. 101, 161 S.W.2d 1057(1942). The insurable interest which one spouse has in the life of the other ceases upon divorce of the parties. Northwestern Mut. Life Ins. Co. v. Whiteselle, 221 S.W. 575 (Tex.Comm.App., 1920); and thus, under the Texas rule requiring the presence of insurable interest not only at the time of the insurance but also at the time of the loss, McBride v. Clayton, 140 Tex. 71, 166 S.W.2d 125 (1942), the interest of the divorced spouse named as beneficiary terminates upon the granting of the divorce. Hatch v. Hatch, 80 S.W. 411 (Tex. Civ. App. 1904, error ref.). Northwestern Mut. Life Ins. Co. v. Whiteselle, supra.

"(a) Should a member cease to be a teacher or auxiliary employee except by death or retirement under the provisions of this Act, he shall, upon the filing of formal application therefor, be paid in full the amount of the accumulated contributions standing to the credit of his individual account in the Teacher Saving Fund, and his account shall thereupon be closed.

"(b) A member may by written designation in such form as the Board of Trustees may prescribe, provide that the accumulated contributions standing to his individual account shall be paid in the event of the death of the member before retirement, to the beneficiary named in such written designation; and if the member shall die before retirement, his accumulated contributions shall upon application be paid to the beneficiary so designated, if the beneficiary survives the member. The member may change the beneficiary designated to receive his accumulated deposits in case of death before retirement, or revoke a designation previously made, by filing with the Board of Trustees in such form as it may require, notice of such change or revocation.

"In the event the member dies before retirement without so designating a beneficiary to receive his accumulated contributions, or in event the designated beneficiary pre-deceases the member, his accumulated contributions standing to his credit in the Teacher Saving Fund shall be paid to his estate. . . ."

All that is involved here are the contributions paid into the System by one of its members. No question is presented with respect to any portion of the annuity payable to a member upon retirement. For the reasons hereafter discussed, we have concluded that the contributions in question are not insurance and are not, therefore, subject to the rules of "insurable interest."

No Texas court has passed on the question. The Federal courts have held that the refunding of contributions paid by a member of the New York City Employees' Retirement System (and to which the estate or designated nominee of the employee were to have the same refunded in the event of death before retirement) contained none of the elements of insurance. Kernochan v. United States, 29 F.Supp. 860 (Ct. Cl. 1939, certiorari denied, 309 U.S. 675). The court said:

"The plaintiff insists that the widow did not receive this sum as the result of a transfer made to

take effect at or after decedent's death, but, on the contrary, that it was insurance on the decedent's life.

"With this contention we cannot agree.

"The purpose of the deductions from decedent's salary and the contribution made by the City of New York was to build up a fund from which the employee could be paid an annuity upon his retirement. This is evidenced by the fact that when the System was released from the obligation to pay the annuity, either by applicant's withdrawal during life and before retirement, or by death before retirement, he, or his estate, or nominee, was then entitled to have returned all amounts deducted from his salary, plus interest at 4 percent. Upon withdrawal or death the contract to pay the annuity was cancelled and the consideration returned. The exact amount paid, plus interest, was refunded, no more and no less. There is no element of insurance in this.

"Had the widow upon the decedent's death been entitled to receive the annuity payable to the employee upon the retirement, there would be room for the contention that the contract was a contract of insurance, but she was not entitled to this, but only to a refund of the amount paid, plus interest.

". . . .

"Our attention has been directed to the case of In the Matter of the Estate of Mary V. Fitzsimmons, 158 Misc. 789, 287 N.Y.S. 171, in which it was held that the amount received under a similar statute from the Teachers' Retirement System was exempt from the New York Estate Tax as insurance. It does not appear that any attempt was made in that case to differentiate between the amount refunded and the amount paid as a death benefit.

". . . .

"Even though we were bound by the decisions of the state courts in construing the Federal Estate Tax Act, we would not feel bound by these decisions, because in them the point was not raised that is raised in this case."

To the same effect is Wilson's Estate v. Collector of Internal Revenue, 42 B.T.A. 1196 (1940), wherein it was held that funds contributed to the teachers' retirement fund by a teacher member who died before retirement, could not be considered as insurance

within the meaning of the Revenue Act of 1926.

It is also pertinent to observe that nothing is contained in the Act in question requiring the person designated by the member to receive accumulated contributions to have an "insurable interest" in the life of the system member. The Legislature could have easily so provided,[2] but it has not seen fit to do so. [3] Indeed, the Wisconsin Supreme Court has held under its Teachers' Retirement Act, which requires that the party designated to receive accumulated contributions in the event of death of the member have an insurable interest, [4] that the interest of a spouse named as beneficiary of the sum payable on the death of the other spouse from the teachers' retirement fund did not terminate by reason of a divorce subsequent to the designation in the absence of a written notice to the retirement board changing the beneficiary.[5] Wolf v. Jebe, 242 Wis. 650, 9 N.W.2d 124 (1943).

---

[2] The Wisconsin Teachers' Retirement Act specifically provides that the person designated to receive accumulated contributions shall have "an insurable interest in the life of the member." Wis. St. 1941, § 4250 (1).

[3] Subsection 6, Section 5, Art. 2922-1, V.C.S., as originally enacted, Acts 45th Leg., R.S., 1937, Ch. 470, p. 1178, provided in part: "Should a member die before retirement, the account of his accumulated contributions standing to the credit of his individual account shall be paid as provided by the laws of descent and distribution of Texas unless he has directed the account to be paid otherwise." This same language was re-enacted in the 1941 amendment, Acts 47th Leg., R.S., 1941, Ch. 376, p. 610, and is the form in which the section stood at the time of making the designations inquired about in your request. The 51st Leg., R.S. 1949, Ch. 139, p. 244, amended said section so as to read as above quoted in this opinion.

[4] See footnote 2 above.

[5] This result would not follow in Texas because under the Texas rule the insurable interest must be present at both the time of issuance and the loss. See cases cited in footnote 1 herein.

Having concluded that the accumulated contributions are not insurance, we turn now to the question of whether a divorce amounts to a revocation of the designation of the party to receive such accumulated contributions in the event of death of the member. We think not. The case nearest in point is Merritt v. Merritt, 158 S.W.2d 116 (Tex. Civ. App. 1947, error ref. w.o. m.), wherein a husband bequeathed a portion of his estate to his spouse. Later the parties were divorced, and the husband remarried without changing his will. The court held that there was no revocation of the bequest to the former wife by reason of the divorce, observing that:

"We do not find in this record any sound basis for holding a revocation of the will 'by implication.'

"In Morgan v. Davenport, 60 Tex. 230, at page 237, our Supreme Court said: 'We therefore hold that under the statutes of this state there can be no such thing as the revocation of a valid written will, unless the same be revoked in one of the manners prescribed by the statute.'

"The case before us presents a typical illustration of the lack of care that the average American citizen takes in seeing that his estate is disposed of according to his personal desires, after his demise."

Likewise the rule stated in 57 Am. Jur. 924, Wills, Sec. 1387, that the "presumption that the testator intended that the donee should take although divorced is strongly fortified. . . . where a lapse of some time occurs between the granting of the divorce and the death of the testator, the latter having ample opportunity to change his will during that time. . . ." is equally applicable to the facts before us. In one instance, under the facts submitted, the member of the Teachers' System had two years after the granting of the divorce in which to change the designation of the party to receive her accumulated contributions, and failed to do so. No facts are presented in either instance reflecting that the member was in any way prevented from making such change had it been so desired.

One further question remains. It relates to the fact that the teacher member, at the time of making the designation on the form provided by the System, showed that the individual named to receive accumulated contributions, held the relationship to her of "husband." We have concluded that the use of the word "husband" used in the designation is merely descriptive, and that the person actually named is controlling. Murphy v. Markis, 98 N.J.Eq. 153,

130 A. 840 (1925); State ex rel Kuehmsted v. Hewitt, 130 Fla. 1177, 138 So. 778 (1932). In this last case the court said:

"The rule seems to be well settled that where a woman dies intestate, her husband, surviving, takes 'as husband' under the statute of descents, but when she leaves a will and devises property to him by name and identifies him as her husband, he does not take 'as the husband' but he takes as a named beneficiary and the word 'husband' is merely descriptio personae."

In each of the two instances presented the teacher member had executed and filed with the Retirement System a designation of beneficiary to receive accumulated contributions in the Teacher Saving Fund of the System in the event of death before retirement. This was done on the form prescribed by the System which specifically provides that should the member decide to have his or her accumulated contributions paid to someone other than the party, or person named, such change will be made in writing on a form prescribed by the System and that such change will be filed with the System. No such change was made by either member according to the facts before us. Such members had a right to make such change and dispose of the contributions as they saw fit. See concurring opinion of Justice Garwood in Woods v. Reilly, supra. For reasons known only to such deceased members they did not see fit to make such changes.

Accordingly you are advised that the accumulated contributions of the two System members should be paid to the parties named and designated as beneficiaries.

## SUMMARY

A husband or wife of a member of the Teachers' Retirement System, designated by name as beneficiary of the member's accumulations in the retirement fund in the event of the death of such member prior to retirement, is not deprived of the right to such accumulations, by reason of divorce subsequent to such designation. The accumulated payments provided for in Art. 2922-1, V.C.S., are not in the nature of insurance. The Texas law does not require that the beneficiary have an

insurable interest in the life of the teacher. Beneficiaries may be changed upon divorce by written notice as provided by law.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

Charles D. Mathews,
Executive Assistant

CDM:v

Clyde Kennelly
Assistant

APPROVED:

Price Daniel
ATTORNEY GENERAL